UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DALLAS BUYERS CLUB, LLC,

Plaintiff,

v.

DOE- 71-237-192-131,

Defendant.

Case No. 3:15-cv-731-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Dallas Buyers Club, LLC ("Dallas"), moves for an order finding Charles Sager ("Sager") in contempt of a court order directing Sager to participate in a non-party deposition pursuant to Rule of the Federal Rules of Civil Procedure ("Rule 45"). Dallas seeks sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"). Specifically, Dallas asks the court to order Sager to compensate it for the alleged claims.

The court finds Sager substantially violated a clear, specific court order requiring Sager to attend and participate in a non-party deposition pursuant to Rule 45. The court finds Sager in contempt under Rules 37 and 45, but under those rules the court is limited in the sanctions it may impose against a nonparty. Accordingly, the awards Dallas reasonable expenses, including attorney fees, incurred in seeking compliance with the court order.

*Background*

Dallas initiated this action on April 30, 2015, against a Doe defendant known only through an Internet Protocol Address ("IPA"). Dallas alleges an individual used the IPA to copy and publish their motion picture, *Dallas Buyers Club* (the "Movie"), on March 16, 2015, via a BitTorrent client. Accordingly, Dallas alleges the defendant willfully infringed its exclusive rights under the Copyright Act. Dallas also alleges the conduct of the defendant has and will continue to cause harm to Dallas unless the infringed activity is enjoined.

On April 30, 2015, the court granted an *ex parte* motion to expedite discovery filed by Dallas to determine the identity of the account holder assigned the IPA used by the infringer. Comcast identified Sager as the subscriber associated with the IPA. In late June and early July of 2015, Dallas mailed two letters to Sager at the address provided by Comcast – 3535 SW Marquam Hill Road, Portland Oregon, 97239 – informing Sager of the lawsuit and his identification as subscriber of the IPA and requesting his cooperation in identifying the infringer. (Taylor Decl. dated October 26, 2015 (ECF No. 24) ("Taylor October Decl.") ¶¶ 3-4.) Dallas received no response. (Taylor October Decl. ¶ 4.)

On July 8, 2015, the court granted Dallas's motion for leave to issue a Rule 45 subpoena allowing Dallas to depose Sager on matters related to access to, and use of, the IPA (the "July

Order"). On July 10, 2015, Dallas personally served the Rule 45 subpoena on Sager at his residence. (Taylor Decl. dated August 24, 2015 (ECF No. 15) ("Taylor August Decl.") Ex. 3.) The Rule 45 subpoena directed Sager to appear for his deposition on August 19, 2015, at the offices of Dallas's counsel in Salem, Oregon. (Taylor August Decl. Ex. 1.) Sager did not appear for his deposition and did not otherwise respond to the Rule 45 subpoena. (Taylor August Decl. ¶¶ 7-8.)

Dallas immediately moved for an order compelling Sager to respond to the Rule 45 subpoena. After providing Sager time to respond to Dallas's motion and not receiving any response, the court granted Dallas's motion by minute order on September 16, 2015, directing "Charles Sager or Portland, Oregon to to respond to plaintiffs subpoena for an FRCP 45 deposition. . . " (the "September Order").

Dallas mailed a copy of the court order compelling his attendance at a Rule 45 deposition, and a new Rule 45 subpoena rescheduling Sager's deposition to October 14, 2015, to Sager at his residence on September 23, 2015. (Taylor October Decl. ¶ 9.) Sager "failed to respond to any of the documents served on him, or comply with the Order of the Court, or appear pursuant to the subsequent subpoena for the October 14, 2015 date, or make any attempts to reschedule his FRCP 45 deposition." (Taylor October Decl. ¶10.)[1]

Dallas filed a motion for order to show cause seeking Rule 37 sanctions on October 26, 2015. After allowing Sager to file opposition to the motion and receiving none, on December 18, 2015, the court granted Dallas's motion, set a show cause hearing for January 7, 2016, and directed Dallas to serve a copy of the order on Sager.

---

[1]Dallas attempted, but was unable, to locate a phone number for Sager using a commercial research service. (Taylor October Decl. ¶ 11.)

*Legal Standard*

Both Rule 37 and Rule 45 provide that a party ordered by the court to appear and participate in a deposition may be held in contempt of court for failure to do so. Rule 37 provides:

> If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

FED. R. CIV. P. 37(b)(1) (2015). Rule 45 similarly provides:

> The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

FED. R. CIV. P. 45(g) (2015).

Contempt proceedings are initiated with an order to show cause why a contempt order should not be issued. *Alcade v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). The order setting forth the date of the show cause hearing must be served on the parties to the action, as well as the offending nonparty. *Id.*; *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1957) (civil contemnor is entitled to due process right of proper notice).

The Ninth Circuit recognizes civil contempt proceedings as "a trial within the meaning of Fed.R.Civ.P. 43(a) rather than a hearing on a motion within the meaning of Fed.R.Civ.P 43(e)." *Hoffman v. Beer Drivers and Salesman's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976). As such, the issues may not be tried solely on the basis of affidavits, but require oral testimony on controverted facts. *Id.*

To prevail on a request for a finding of civil contempt, the moving party must show, by clear

and convincing evidence, the alleged contemnors violated a direct and specific court order. *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The burden then shifts to the contemnors to demonstrate why they were unable to comply with such order. *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1299 (9th Cir. 1999). While the contempt need not be willful, a person should not be held in contempt if he acted in good faith and on a reasonable interpretation of the court order. *Go-Video*, 10 F.3d at 695. Substantial compliance with a court order is a defense to a contempt action where the alleged contemnor took all reasonable steps within their power to comply. *Id.*; *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). The inability of an individual to comply with a subpoena constitutes an "adequate excuse" under Rule 45 and is a complete defense to a contempt charge. *Fisher*, 526 F.2d at 1342.

In addition to a finding of contempt, the court may award the party seeking to compel a nonparty's attendance at a deposition reasonable expenses, including attorney fees, incurred with regard to the motion to compel. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983); *General Ins. Co. of Am. v. Eastern Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3rd Cir. 1997)(district court did not abuse discretion in awarding expenses and attorney fees caused by failure to comply with court order). Rule 37(a), which authorizes a party to seek a court order compelling disclosure or discovery, provides that if such order is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A) (2015). Whether or not a violation justifies imposition of sanctions under Rule 37 is largely "left to the discretion of the trial court." *Liew v. Breen,* 640 F.2d 1046, 1050 (9th Cir. 1981) (citing *National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976)).

*Discussion*

Dallas has established, by clear and convincing evidence, the existence of a clear and specific court order and Sager's substantial violation of such order.[2] The September Order compelled Sager to respond to Dallas's Rule 45 subpoena. Sager did not attend the deposition subsequently scheduled by Dallas on October 14, 2015, did not request the deposition be rescheduled, did not object to the deposition and, in fact, did not respond in any meaningful way to the September Order or the Rule 45 subpoena.

The court finds the July Order[3] and the October Order (the "Orders") clearly and specifically directed Sager to attend and participate in the scheduled Rule 45 depositions. Dallas personally served Sager with the July Order and served Sager with the October Order by United States Mail. Sager substantially violated the Orders by refusing to appear and participate in the depositions or respond to the Rule 45 subpoenas in any meaningful way.

---

[2] Sager did not appear at the show cause hearing. As a result of Sager's actions, the court was unable to consider live testimony.

[3] The July Order authorizing Dallas to issue the initial Rule 45 subpoena constitutes a court order which, in the event of noncompliance, may support a finding of contempt. *See Pennwalt*, 708 F.2d at 495 n.5 (a Rule 45 subpoena is a court order which, unless objected to pursuant to Rule 45(d), may warrant contempt sanctions in the event of noncompliance).

Sager has failed to meet his burden of establishing, by clear and convincing evidence, he was unable to comply with the Orders or that he acted in good faith on a reasonable interpretation of the Orders. Accordingly, Dallas is entitled to a finding Sager is in contempt of court based on his failure to comply with the directions contained in the Orders.

As a sanction for Sager's contempt, Dallas asks the court to issue sanctions under Rule 37(b)(2), including the sanction of compensation for their claims. In other words, Dallas seeks a finding of liability against Sager. The Rule applies only to "a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4)" and is, therefore, inapplicable to a nonparty. *See Pennwalt*, 708 F.2d at 495 n.5 ("Rule 37(b)(2) permits the main forum to impose sanctions on a party who violates a court order.") Dallas is not entitled to any of the sanctions identified in Rule 37(b)(2), including the requested finding of liability. However, Rule 37(a) authorizes a party to seek a motion to compel discovery when a deponent fails to meaningfully participate in a scheduled deposition and directs the court to award reasonable expenses incurred in making the motion to compel if such motion is granted; provided the movant attempted in good faith to obtain the requested discovery before filing the motion, the failure to provide the discovery was unjustified, and the circumstances justify an award of expenses. Rule 37(a) applies to Dallas's motion to compel Sager's attendance at a Rule 45 deposition and authorizes the court to award Dallas reasonable expenses incurred in making such motion, if otherwise appropriate under the statute. *See Pennwalt*, 708 F.2d at 495 n.5 (Rule 37(a), which authorizes an award of expenses for a successful motion to compel, applies to motions to compel nonparties to attend depositions).

In the October Order, the court granted Dallas's motion to compel Sager's attendance at a deposition. Dallas attempted to depose Sager in good faith prior filing the motion to compel, Sager's

refusal to participate in the deposition on October 14, 2015, was not substantially justified, and the circumstances before the court justify an award of expenses under Rule 37(a). Accordingly, the court finds an award of reasonable expenses incurred by Dallas in seeking to compel Sager's attendance at, and participation in, the October 14, 2015 deposition is appropriate.

*Conclusion*

The court finds Sager substantially violated the Orders and is in contempt of court. The court further finds Dallas is entitled to recover costs reasonably incurred with regard to its successful motion to compel Sager's deposition testimony. Dallas is directed to file an itemization of the expenses, including attorney fees, incurred with regard to the October Order within thirty days of the date of this Opinion.

DATED this 7th day of January, 2016.

JOHN V. ACOSTA
United States Magistrate Judge