UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DALLAS BUYERS CLUB, LLC,

                         Plaintiff,

       v.

CHARLES SAGER,

                     Defendant.

Case No. 3:15-cv-00731-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiff Dallas Buyers Club, LLC ("Dallas"), filed this lawsuit against a Doe defendant for copyright infringement under the Copyright Act. On May 31, 2016, the court entered a default judgment in favor of Dallas, awarding Dallas damages in the amount of $750.00 and ordering an injunction against the infringing party. Dallas now seeks attorney fees in the amount of $3,463.25 and costs in the amount of $806.50.

The court finds the amount requested for attorney fees is reasonable. Additionally, the court finds Dallas is entitled to recover the requested costs. Accordingly, the court recommends granting Dallas's motion for attorney fees in the amount of $3,463.25 and granting Dallas's cost bill in the amount of $806.50.

*Background*

Dallas filed this action on April 30, 2015. From the date of filing through early June 2015, Dallas engaged in discovery to determine the identity of the alleged infringer. On April 30, 2015, the court granted Dallas's *ex parte* motion to expedite discovery to determine the identity of the account holder assigned the internet protocol ("IP") address used by the infringer. Comcast identified Charles Sager ("Sager") as the subscriber associated with the IP address used to infringe Dallas's motion picture. After identifying Sager as the IP address subscriber, Dallas sent several letters to Sager in an attempt to establish contact. On June 9, Dallas sent a letter to Sager requesting cooperation in Dallas's investigation to determine the identity of the defendant infringer. Dallas sent a follow-up letter to Sager on June 25, 2015. Sager did not answer either letter.

On July 8, 2015, the court granted Dallas's motion for leave to issue a Rule 45 subpoena allowing Dallas to depose Sager on matters related to access to, and use of, the IP address. On July 10, 2015, Dallas personally served the Rule 45 subpoena on Sager at his residence. The Rule 45 subpoena directed Sager to appear for his deposition at the offices of Dallas's counsel in Salem, Oregon. Sager did not respond. Dallas immediately moved for an order compelling Sager to respond to the Rule 45 subpoena, and the court granted Dallas's motion on September 16, 2015. Dallas mailed a copy of the court order compelling Sager's attendance at a Rule 45

deposition to Sager's residence on September 23, 2015, as well as a new Rule 45 subpoena rescheduling Sager's deposition. Again, Sager did not respond.

On October 26, 2015, Dallas filed a motion for an order to show cause seeking Rule 37 sanctions. After allowing Sager the opportunity to file an opposition to the motion – and receiving none – the court granted Dallas's motion on December 18, 2015, and set a new show cause hearing for January 7, 2016. A copy of the court's order was sent to Sager. Sager failed to appear at the show cause hearing. Accordingly, the court issued an opinion and order finding Sager in contempt of court.

On February 11, 2016, Dallas filed an amended complaint naming Sager as the defendant. Sager was personally served with a copy of the amended complaint on February 21, 2016. Once again, Sager did not respond to any of Dallas's communication attempts. Accordingly, Dallas filed a motion for entry of default on March 16, 2016. This court entered an order of default on March 17, 2016. On May 2, 2016, Dallas filed a motion for default judgment and on May 31, 2016, this court issued a default judgment in favor of Dallas. Dallas filed its motion for attorney fees and costs on June 14, 2016, and Sager has not filed objections.

*Legal Standard*

I.  Attorney Fees

The Copyright Act provides for an award of reasonable attorney fees and costs to a prevailing party in an action for copyright infringement. 17 U.S.C. § 505 (2016). Awarding fees under this provision is a matter of the court's discretion, but it is to be applied in an evenhanded manner; "[p]revailing plaintiffs and prevailing defendants are to be treated alike. . . ." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

In determining whether fees should be awarded, courts consider the following non-exclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)). *See also Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (2007). The Ninth Circuit also considers the degree of success obtained in determining both whether attorney fees are recoverable and, if so, the amount of such fees. *Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2007).

In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must then decide whether to enhance or reduce the figure by evaluating the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that were not already considered in calculation of the lodestar figure. The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70. Only applicable factors must be addressed. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069 (9th Cir. 1983).

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a

reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).    The district court has "considerable discretion" in determining the reasonableness of a fee award.    *Webb v. Ada County*, 195 F.3d 524, 526-27 (9th Cir. 1999).

## II. Costs

Federal Rule of Civil Procedure 54(d) provides the following:  "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  FED. R. CIV. P. 54(d) (2016).  Under Local Rule 54, a party seeking costs in this district must provide a "detailed itemization of all claimed costs.  The prevailing party must file an affidavit and appropriate documentation."  LR 54-1(a)(1) (2016).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).  The district court must give specific reasons for rejecting claimed costs.  *Ass'n of Mexican-American Educators*, 231 F.3d at 591-92 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners Assoc.*, 576 F.2d 230, 234 (9th Cir. 1978)).

The United States Code identifies six categories of recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2016).  A court may not award costs beyond the scope of those authorized by section 1920.  *Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *3 (D. Or. Jan 8, 2009) (citations omitted).  "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920."  *Id.*  Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999).    However, "[t]he court is required to ensure an award's reasonableness, regardless of whether the opposing party objected to it."  *Old West Fed. Credit Union v. Skillman*, No. 2:11-cv-01170-SU, 2012 WL 4594256, at *2 (D. Or. Sept. 6, 2012) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992)).

*Discussion*

I.  Entitlement to Attorney Fees

Dallas alleges Sager copied and published Dallas's motion picture, *Dallas Buyers Club*, via a BitTorrent client.  Dallas alleges Sager willfully infringed on its exclusive rights under the Copyright Act and argues that, if not enjoined from future infringing activity, Sager will continue to cause Dallas harm.  The court entered a default judgment awarding Dallas statutory damages and injunctive relief.    Applying the *Fogerty* factors, the court concludes Dallas should be awarded reasonable attorney fees.  Dallas was successful in obtaining the results sought.  The action was not frivolous, was motivated by Dallas's desire to protect its copyright interests, and

reasonably sought to recover compensation for, and deter future, copyright infringement. The relevant *Fogerty* factors justify an award of attorney fees in this case.

## II. Reasonable Hourly Rate

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community", as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The party requesting the fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The best evidence of the prevailing rate in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Drew Taylor ("Taylor"), Dallas's primary legal counsel in the action against Sager, seeks $175.00 per hour for time spent on Dallas's claim. Taylor has been a practicing attorney since 2013, when he was admitted to the Oregon State Bar. The Oregon State Bar 2012 Economic Survey reveals the average hourly rate billed by attorneys in private practice in Portland, Oregon, is $284.00, while the average for similar attorneys practicing in the Upper Willamette Valley, which includes Salem, Oregon (where Taylor is based), is $218.00. However, a Portland attorney with three years of experience or less, comparable to Taylor, bills at an average of $182.00 per hour, while an Upper Willamette Valley attorney with three years of experience or less, such as Taylor, bills at an average of $150.00 per hour. A Portland attorney specializing in business or corporate litigation, comparable to Taylor, bills at an average of $311.00 per hour. There is no statistical model for Upper Willamette Valley attorneys specializing in similar

litigation. The court finds the hourly billing rate of $175.00 requested for Taylor's services is reasonable in light of: Taylor's experience; the billing rates of comparable attorneys in the Portland area; and Taylor litigated this action in Portland, Oregon. This conclusion is consistent with those of Judge Aiken and Judge Simon, both of whom also awarded Taylor attorney fees at an hourly rate of $175.00. *See Survivor Productions, Inc. v. Owens*, No. 3:15-cv-01596-AA, Order dated July 6, 2016; *Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, Order dated July 5, 2016.

Carl Crowell ("Crowell"), Dallas's legal counsel, seeks $312.00 per hour for time spent on Dallas's claims. Crowell has been a practicing attorney since 1998, and is admitted to practice before numerous courts, as well as the United States Patent and Trademark Office as a patent attorney. A Portland attorney with thirteen-to-fifteen years of experience bills at an average of $312.00 per hour. An Upper Willamette Valley attorney, where Crowell is based, with similar experience bills at an average of $247.00 per hour.

Crowell has demonstrated expertise in the area of copyright infringement and he litigated this action in Portland, Oregon. Accordingly, the court finds the hourly billing rate of $312.00 requested for Crowell's services is reasonable in light of his experience, expertise, and the billing rates of comparable attorneys in the Portland area. This conclusion is consistent with those of Judge Aiken and Judge Mosman, both of whom also awarded Crowell attorney fees at an hourly rate of $312.00. *See Voltage Pictures, LLC v. Smith*, No. 6:14-cv-1193-AA, Order dated February 18, 2015; *Voltage Pictures, LLC v. Lange*, No. 6:14-cv-1244-AC, Default Judgment dated March 4, 2015.

III. Hours Reasonably Expended

The party seeking the award of attorney fees must submit evidence to support the number of hours worked. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011); *Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc.*, No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (citation omitted). Reasonable time spent preparing a fee petition is generally recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

Taylor represents he spent 13.55 hours of work on this matter. A major portion of Taylor's time was spent preparing pleadings, including the complaint, amended complaint, summons, various motions for extensions of time and for discovery, show cause motions, notice of default, motion for entry of default, and motion for default judgment. Taylor spent additional time communicating with his client and attempting to communicate with Sager. The court finds the time expended by Taylor litigating the action is reasonable.

Crowell represents he spent 3.5 hours of work on this matter. He reviewed pleading drafts, attended a hearing on the matter, and drafted and filed motions. The court finds the time expended by Crowell litigating this action is reasonable.

This court finds Dallas is entitled to attorney fees in this matter. The hourly rates presented by Taylor and Crowell are reasonable. The evidence submitted by Dallas sufficiently

supports the number of hours worked on the matter, and the total hours are reasonable.  Thus, Dallas should be awarded the full claim of $3,463.25.

IV. Bill of Costs

Dallas seeks reimbursement of the initial filing fee in the amount of $400.00 and $70.00 paid to Comcast for subpoenaed records.  The court finds these costs to be reasonable and recoverable.

Dallas incurred $113.50 in service fees: $55.00 for service of the initial Rule 45 subpoena and $58.50 for personal service of the First Amended Complaint.  The court finds these costs to be reasonable and recoverable.

Dallas also seeks recovery of $223.00 related to Sager's attempted Rule 45 depositions: a $40.00 witness fee; $58.00 for mileage; and $125.00 in court reporting services for two depositions that never occurred.  Under 28 U.S.C. § 1920(3), a prevailing party may recover witness fees.  A witness is entitled to a fee of $40.00 for each day the witness is testifying.  28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40.00 per day for each day's attendance.")  *See also First Nat'l Mortg. Co. v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1071 (9th Cir. 2011) (federal law allows recovery of only "forty dollars per day per witness").  Mileage is permitted in addition to this fee.  28 U.S.C. § 1821(c)(2) (providing for a "travel allowance equal to the mileage allowance" paid to federal employees).  *See also Dimon v. Oregon*, Civil No. 08-6152-HO, 2009 WL 3401048 (D. Or. Oct. 20, 2009) (awarding witness fee and mileage); *Kyei v. Oregon Dept. of Trans.*, No. CV. 07-1607-AC, 2010 WL 935489, at *4 (D. Or. March 11, 2010) (same).

Though Sager ultimately did not attend the depositions, Dallas incurred the expense to properly notice the deposition.  Taylor has also provided the court with itemized receipts from a

court reporting service, making clear Dallas actually incurred the claimed reporting costs. Thus, the court finds these costs – the $40.00 witness fee, $58.00 mileage fee, and $125.00 court reporting fees – to be reasonable and recoverable.

In sum, this court finds all of Dallas's costs to be reasonable and sufficiently supported by evidence. Thus, Dallas should recover $806.50 in costs.

*Conclusion*

Dallas's motion for attorney fees (ECF No. 63) should be GRANTED and Dallas should be awarded attorney fees in the amount of $3,463.25. Dallas's cost bill (ECF No. 62) should be GRANTED and Dallas should be awarded $806.50 in costs.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **17 days**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 7th day of September, 2016.

JOHN V. ACOSTA
United States Magistrate Judge